In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00542-CV**
_____

**IN RE COMMITMENT OF LEONARD HENRY KOLLAJA**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-02-01800-CV**

**MEMORANDUM OPINION**

Leonard Henry Kollaja challenges the legal and factual sufficiency of the evidence to support the jury's verdict that he suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.003(a) (West 2010). He also challenges the trial court's denial of a motion to transfer venue. *See* Tex. R. Civ. P. 258.

In reviewing the evidence for legal sufficiency, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for civil commitment. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—

1

Beaumont 2002, pet. denied). When we review the evidence for factual sufficiency, we weigh the evidence to determine whether a verdict supported by legally sufficient evidence nevertheless reflects a risk of injustice so great that we are compelled to grant a new trial. *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

A "behavioral abnormality" is a "congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." Tex. Health & Safety Code Ann. § 841.002(2) (West Supp. 2012). Kollaja committed sexual offenses against children when he was around 32 years old, when he was 44 years old, and when he was 61 years old. Kollaja argues the State failed to prove beyond a reasonable doubt that he presently suffers from a behavioral abnormality, because long periods of time elapsed without convictions and at the age of 71 his health is infirm. Kollaja testified that he had no disciplinary actions during his nine years in prison. According to Kollaja, now he "can barely walk[,]" and "things have changed" since he had a "mini stroke[.]" He does not remember things that happened "a month, a week ago, or 20 years ago."

2

A psychiatrist, Dr. Lisa Clayton, testified that, based upon her review of Kollaja's records and her interview with him, it is her medical, forensic, psychiatric opinion that Kollaja has a behavioral abnormality which makes him likely to commit future acts of predatory sexual violence. Dr. Clayton diagnosed Kollaja with pedophilia, which he has exhibited since 1973, acted on with at least six different victims, and continued after arrest and conviction for sexual offenses. According to Dr. Clayton, Kollaja's difficulty controlling behavior is illustrated by the fact that Kollaja (who acted as a Scout master in 1973 and in 1985 offered to mentor troubled young boys while he was serving his probation), continued to be around children when he knew he should not be around them, and he continued to commit offenses after his release from prison. In her evaluation, Dr. Clayton considered Kollaja's lack of disciplinary history in prison, but noted that Kollaja was not in significant contact with children while he was incarcerated.

Risk factors for re-offending identified by Dr. Clayton include Kollaja's failure to accept responsibility for victimizing children, and Kollaja's claim that he no longer recalls his offenses, the selective nature of which indicates malingering. Dr. Clayton also considered the lack of previous sex offender treatment to be a risk factor, because Kollaja presently lacks understanding of his sexual offending pattern and the necessary tools to control his sexual offending.

3

The jury heard Dr. Clayton's and Kollaja's testimony and was entitled to draw reasonable inferences from basic facts to determine ultimate fact issues, and to resolve conflicts and contradictions in the evidence by believing all, part, or none of each witness's testimony. *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). The jury could give weight to Dr. Clayton's professional opinion. Considering the evidence in the light most favorable to the verdict, we conclude the jury could reasonably find beyond a reasonable doubt that Kollaja has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. The record does not reflect a risk of injustice that compels granting a new trial. The evidence is legally and factually sufficient to support the jury verdict. Issue one is overruled.

In his second issue, Kollaja challenges the trial court's denial of a motion to change venue from Montgomery County "to Jackson County or other suitable location[.]" In his motion, Kollaja suggested that a transfer to Jackson County would place his trial within 150 miles of trial witnesses not otherwise subject to subpoena power under Rule 176.3 of the Texas Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 176.3. Kollaja failed to identify the name and location of any witnesses he wished to subpoena, and he provided no supporting documentation for his unverified motion.

4

On appeal, Kollaja argues a transfer of venue to Jackson County was mandatory under Rule 258 of the Texas Rules of Civil Procedure because the State failed to controvert his motion to transfer venue. *See* Tex. R. Civ. P. 258. Kollaja's motion was not supported by affidavits showing sufficient cause to transfer venue. *See* Tex. R. Civ. P. 257. "A trial court can deny the motion to transfer if the movant does not comply with Rule 257." *In re E. Tex. Med. Ctr. Athens,* 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding). The trial court did not abuse its discretion in denying the motion to transfer. We overrule issue two. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on September 30, 2013
Opinion Delivered October 17, 2013

Before Gaultney, Kreger, and Horton, JJ.

5